## Fayette County v. R. O. Faires.

1. Construction of statutes.—The acts of 12 May, 1846, (Paschal's Dig., art. 5115,) of February 11, 1860, (Paschal's Dig., art. 2508,) and of November 14, 1864, on the subject of costs of prisoners in jail, are not cumulative, but each subsequent statute must be regarded as revising the subject-matter of the former one, and as a substitute therefor.

2. Costs of prisoners confined in jail.—Under the act November 14, 1864, in force, the action of the County Court upon the sheriff's account for the board and guarding of prisoners in jail is conclusive, in the absence of allegations that the County Court had abused its discretion in the matter, or that the amount allowed was not sufficient for the support of such prisoners.

Appeal from Fayette. Tried below before the Hon. I. B. McFarland.

The facts are set out in the opinion.

*Teichmuller & Dunn,* for appellant.

The statutes governing this case are as follows:

The act of the 12th of May, 1846, Paschal's Dig., art. 5119: "That sheriffs be allowed fifty cents per day for the board of all offenders committed to their custody, and all other reasonable expenses for the comfort and safe-keeping of such offenders, to be audited by the County Court, and paid out of the county treasury of the county where the offense was committed with which the prisoner stands charged."

On the 1st day of February, 1857, our present Code of Criminal Procedure went into operation, and the final article, 3416, Paschal's Dig., repeals any then existing statutes "concerning the prevention, suppression, prosecution, and proceedings for the punishment of crime." But the above article, 5119, providing for the compensation of sheriffs, is substantially re-enacted in the Code of Criminal Procedure. Paschal's Dig., art. 2508: "The sheriff shall be paid by the County Court fifty cents a day for each prisoner com-

mitted to his custody during the time such prisoner is in jail.''

Act of the 4th of November, 1864, Paschal's Dig., art. 3391 : '' The sheriff shall receive from the county for each guard he may employ, and for the support and mainte- nance of each prisoner in his custody, such amount as the chief justice may, in his discretion, designate as necessary and sufficient, to be allowed by the chief justice on the presentation to him of the accounts verified by the oath of the sheriff.''

No brief for appellee reached reporters.

REEVES, ASSOCIATE JUSTICE.—This suit was brought by appellee to recover the balance of an account for $1,257 claimed by him as sheriff of Fayette county, for the board, custody, and safe-keeping of prisoners, as shown by the ex- hibit attached and made part of the petition.  It is alleged in the petition that the compensation allowed by law for this service was fifty cents per day for the board and fifty cents per day for the custody and safe-keeping of each pris- oner, making the sum of one dollar per day for each pris- oner.  It appears from the account, filed as part of the petition, that these sums accrued to the appellee during portions of the years 1872 and 1873.  The County Court approved the account for the sum of seven hundred and fifty-four dollars and twenty cents, being at the rate of sixty cents per day for each prisoner, and rejected the bal- ance of the claim.  Appellant admitted in open court the truth of the allegations in the petition, and a jury being waived and the cause submitted to the court, judgment was rendered against the county of Fayette for the sum of five hundred and two dollars and eighty cents, and interest, and the county appealed.

The question in the case involves the construction of the several statutes enacted at different periods of time making

provision for the payment of costs by counties in criminal cases.

By the act of May 12, 1846, defining the duties of sheriffs, they were allowed fifty cents per day for the board of prisoners committed to their custody, and all other reasonable expenses for their comfort and safe-keeping.    (Paschal's Dig., art. 5119.)

The act of February 11, 1860, provides that the sheriff shall be paid by the County Court fifty cents a day for each prisoner committed to his custody during the time such prisoner is in jail.    (Paschal's Dig., art. 2508.)

By the act of November 14, 1864, it is provided that the sheriff shall receive from the county, for each guard he may employ, and for the support and maintenance of each prisoner in his custody, such amount as the chief justice may, in his discretion, designate as necessary and sufficient, to be allowed by the chief justice on the presentation to him of the account verified by the oath of the sheriff.    (Paschal's Dig., art. 3391.)

Counsel have referred to no other provisions on this question, and none have been found.

It is contended for the appellee that he is entitled to receive fifty cents per day for the board, and the same amount for the custody or safe-keeping of each prisoner, under the provisions of the statutes referred to.

These statutes contain substantially the same provisions, allowing the sheriff fifty cents per day for prisoners, but the act of 1860 differs from that of 1846 in failing to provide or allow any further compensation to the sheriff than fifty cents per day for each prisoner committed to his charge.

Taking the language as used in the statute in the ordinary and popular acceptation, we think it was not intended by the Legislature to make the distinction contended for by appellee.    The act of 1846 is broader in its terms than the act of 1860.    The latter makes no allowance to the sheriff beyond the fifty cents per day for the prisoners, and this

perhaps may have induced the Legislature to pass the act of 1864. This act embraces within its scope the substance of both the previous acts. Whilst it pretermits the allowance of fifty cents per day for board of prisoners, as provided by the act of 1846, or fifty cents a day for prisoners committed to the custody of the sheriff, according to the act of 1860, it confers authority on the chief justice to allow such amount as he, in his discretion, may designate as necessary and sufficient to employ guards and for the support and maintenance of prisoners.

These statutes are not, as we think, to be considered as cumulative enactments, but each subsequent statute must be regarded as revising the subject-matter of the former one, and intended as a substitute for it.

It follows, from the views here expressed, that the act of 1864 repealed by implication the previous acts on the same subject.

There is no allegation in the petition that the amount allowed by the County Court was not sufficient for the support of the prisoners, or that the additional sum claimed in the petition was necessary for such purpose; nor was it shown that the County Court had abused its discretion in rejecting part of appellant's claim.

As the case is presented, we are of the opinion that the court erred in rendering judgment for the appellee, and the same is reversed and case remanded.

REVERSED AND REMANDED.